IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM M. WATTS,

                Plaintiff,

v.

UNITED STATES OF AMERICA,

                Defendant.

OPINION and ORDER

19-cv-841-jdp

---

Plaintiff William M. Watts alleges that he was injured after being sprayed in the face with a roof-sealing chemical used by a contractor at the Federal Correctional Institution in Oxford, Wisconsin, where Watts was formerly incarcerated. Watts first filed claims arising out of the incident in January 2018, case number 18-cv-49-jdp. But Watts's claims against the government defendants were dismissed from that case for failure to state a claim and because Watts had not exhausted his negligence claims under the Federal Tort Claims Act (FTCA). Watts proceeded only with his claims against the roofing company and a privately employed optometrist. The case was closed recently after the defendants filed a successful motion for summary judgment. Dkt. 129 in 18-cv-49-jdp.

Watts refiled his claims against the government defendants in this case, asserting that he had now exhausted his FTCA claims. He is proceeding on FTCA claims based on allegations that: (1) J. Szetela, the safety specialist at FCI-Oxford, failed to ensure that the roofing contractor use safe practices and failed to protect prisoners from the chemical spray; and (2) prison medical staff were negligent in treating Watts's eye problems. The government has filed a motion for summary judgment on count 1 of Watts's complaint, contending that Watts failed to exhaust his FTCA administrative remedies on his claim that Szetela acted negligently.

Dkt. 22. Because the government has shown that Watts failed to file a timely administrative request regarding the roofing incident, I will grant the motion. This case will proceed only on Watts's claim that he received negligent medical care.

ANALYSIS

A claimant may not bring suit under the FTCA unless the claimant has first presented the claim to the appropriate federal agency and that agency has denied the claim. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a) (requiring personal injury claimant to execute a standard form 95 or other written notification of the incident causing the injury to the appropriate federal agency). A claimant must file the administrative claim with the agency within two years of the claim's accrual. *Id.* § 2401(b). An FTCA claim accrues when: (1) an individual knows that his or her injury may have been caused by a governmental act or omission; or (2) a reasonable person in the individual's position would have known enough to prompt a deeper inquiry into the cause of the injury. *See United States v. Kubrick*, 444 U.S. 111, 117–18 (1979); *Blanche v. United States*, 811 F.3d 953, 959 (7th Cir. 2016).

The FTCA has a "savings provision" for plaintiffs whose FTCA suits are dismissed because the plaintiff failed to first present an administrative claim to the agency. Under the savings provision, if a plaintiff's suit is dismissed, the plaintiff has 60 days after dismissal to submit an administrative remedy request to the agency. 28 U.S.C. § 2679(d)(5)(B). But the administrative claim is deemed timely only if the civil action was filed within two years of the claim's accrual. *Id.* § 2679(d)(5)(A).

Watts first filed his claims against the government defendants in January 2018, in case number 18-cv-49, before he filed any administrative claim with the Bureau of Prisons (BOP).

2

Watts had not exhausted his administrative remedies on his FTCA claims before filing suit, so his FTCA claims were dismissed. He filed a standard form 95 with the BOP on December 17, 2018. Dkt. 1-2, in 19-cv-841-jdp. Because Watts filed his administrative claim with the BOP within 60 days of his claims' dismissal from the 18-cv-49 case, the FTCA savings provision is implicated. But the savings provision could save Watts's claim only if he filed his first lawsuit (the 18-cv-49 case) within two years of his negligence claim's accrual. Watts cannot proceed if his negligence claim against Szetela accrued before January 2016, two years before his filed his first lawsuit in federal court.

I agree with the government that Watts's negligence claim against Szetela accrued before January 2016. Watts says that he was sprayed with a roofing chemical on September 14, 2015, and that he suffered instant and significant physical injury. He says he experienced shortness of breath, burning eyes, throat irritation, choking, coughing, and a headache. He sought medical treatment for his injuries the next day, and he continued to seek treatment for the next several months. Watts suspected almost immediately that the government was at least partially responsible for his injuries. He reported the overspray to Szetela on September 16, he complained to prison staff that Szetela was not taking his safety complaints seriously, and he told his psychologist in December 2015 that he thought the BOP was responsible for his injuries. Dkt. 25-1, at 4, 15. This evidence confirms that Watts knew before January 2016 that a governmental action might have caused his injuries. In the alternative, this evidence shows that a reasonable person in Watts's position would been prompted to inquire further into the cause of his injuries.

Watts argues that even if he was aware of the government's potential role in causing his injuries, the government should be equitably estopped from asserting the statute of limitations

3

because both Szetela and Gupta, the prison doctor, misled Watts about the roofing spray. He says that both government employees told him that the roofing spray was not dangerous and could not have caused his injuries. Watts says that he was not sure whether the roofing spray caused his injuries until he obtained more information about the spray from the roofing company in June 2018. But this argument fails. Watts's statements to multiple doctors and other prison employees confirm that he thought his injuries were caused by the roofing spray long before June 2018. And Watts filed the 18-cv-49 lawsuit in January 2018, months before he obtained discovery from the roofing company.

In addition, equitable estoppel applies only when a prospective defendant takes action to prevent a prospective plaintiff from suing in time. *Arteaga v. United States*, 711 F.3d 828, 833 (7th Cir. 2013). Szetela's and Gupta's statements were not intended to prevent Watts from suing. The only reasonable interpretation of their statements to Watts is that they did not think that the roofing chemical caused the injuries about which Watts was complaining. Their opinions about the likely cause of his injuries do not qualify as misrepresentation or fraudulent concealment that would give rise to equitable estoppel.

For all of these reasons, I will grant the government's motion and will dismiss Watts's negligence claims against Szetela for his failure to exhaust his administrative remedies under the FTCA.

ORDER

IT IS ORDERED that the United States of America's motion for summary judgment on count 1 for failure to exhaust administrative remedies, Dkt. 22, is GRANTED. Plaintiff

William M. Watts's negligence claim based on the actions of J. Szetela is DISMISSED for Watts's failure to exhaust his administrative remedies under the Federal Tort Claims Act.

Entered November 30, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge